UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HODA SAMUEL, et al,<br><br>　　　　Defendants. | No. 2:10-CR-223-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL** |

Presently before the Court is Defendant Hoda Samuel's ("Defendant") Rule 29 Motion for Judgment of Acquittal (Doc. # 324).[1] The government opposes the motion (Doc. # 335).

Defendant moves for acquittal on counts 1-31 arguing that the evidence was insufficient for a rational juror to conclude beyond a reasonable doubt that Defendant is guilty on each and every count. The government opposes the motion on the basis that Defendant does not identify what elements of each count or what aspect of the government's case was unsupported by sufficient

---

[1] This matter was determined to be suitable for decision without oral argument. See United States v. Green, 89 F.3d 657, 660 (9th Cir. 1996). The hearing was originally scheduled for April 30, 2013.

1

evidence.

"Rule 29(a) requires the trial court to grant a motion for judgment of acquittal 'if the evidence is insufficient to sustain a conviction.'" United States v. Hazeem, 679 F.2d 770, 772 (9th Cir. 1982). Specifically, the court determines if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. VonWillie, 59 F.3d 922, 928 (9th Cir. 1995). "The district court's function in reviewing a defendant's motion for acquittal is quite narrow. The court, after viewing the evidence in the light most favorably to the government, must determine whether the jury could reasonably find the defendant guilty beyond a reasonable doubt." United States v. Bernhardt, 840 F.2d 1441, 1448 (9th Cir. 1988). "[I]t is the jury's exclusive function to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." Id. (citation omitted).

As the government argues, the crux of Defendant's defense was that she did not know about or participate in the fraud that occurred at her company perpetuated by people who she employed. The existence and scope of the fraud was not seriously disputed. The jury did not credit Defendant's position and found that she was a knowing participant in the fraud. The evidence included documents with Defendant's signature related to fraudulent transactions in which she was admittedly involved. The evidence, viewed in the light most favorable to the government, was

//
//
//

therefore sufficient for a rational jury to make a finding of guilty on all 31 counts. Defendant's motion is accordingly denied.

IT IS SO ORDERED.

Dated: May 1, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE