UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HODA SAMUEL, et al,<br><br>　　　　Defendants. | No. 2:10-CR-223-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL** |

Presently before the Court is Defendant Hoda Samuel's ("Defendant") Motion for a New Trial Pursuant to Rule 33 (Doc. # 325).[1] The government opposes the motion (Doc. # 335).

Defendant argues that she is entitled to a new trial because the government impermissibly suggested that she bore the burden of exculpation at trial of the crimes charged against her. Defendant contends that the government's statements rendered her trial so unfair as to deprive her of due process. The government responds that Defendant invited the statements in her closing

---

[1] This matter was determined to be suitable for decision without oral argument. See United States v. Green, 89 F.3d 657, 660 (9th Cir. 1996). The hearing was originally scheduled for April 30, 2013.

1

argument and the Court's instructions to the jury resolved any ambiguity as to who bore the burden of proof.

"On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." Fed.R.Crim.P. 33. When reviewing a prosecutor's comments during the closing statement, the inquiry "is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).

Shifting "the burden of proof on an element of the crime to the defendant violates due process." Houston v. Roe, 177 F.3d 901, 909 (9th Cir. 1999). "[C]omments intended to highlight the weaknesses of a defendant's case do not shift the burden of proof to the defendant where the prosecutor does not argue that a failure to explain them adequately requires a guilty verdict and reiterates that the burden of proof is on the government." United States v. Vaandering, 50 F.3d 696, 701-702 (9th Cir. 1995). Prejudice created by a prosecutor's closing statement can be neutralized by the trial judge. United States v. Tucker, 641 F.3d 1110, 1121 (9th Cir. 2011).

The statement identified by Defendant as impermissible begins with an affirmation by the government that it is the only party that bears the burden of proof. Reporter's Transcript, Rebuttal Closing Argument by Philip Ferrari, at 8:8-9:7. Additionally, the statement specifically addresses Defendant's argument that the government failed to present testimony from key witnesses and therefore did not meet its burden. It is also

2

clear from the context of the statement that the government only intended to point out weaknesses in Defendant's case and highlight the witness testimony that supported the government's position. Finally, the Court instructed the jury immediately following closing statements that the government bears the burden of proof. For all of these reasons, it is clear that the government's closing argument did not impermissibly shift the burden of proof to Defendant. Even if the jury may have been misled by the government's closing argument, the Court's instruction to the jury assigning the burden of proof to the government cured any prejudice created during closing arguments. Id. ("The trial judge has broad discretion in controlling closing argument, and improprieties in counsel's arguments to the jury do not constitute reversible error unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge.") (citation omitted). The Court accordingly finds that the interests of justice do not require a new trial and Defendant's motion is denied.

IT IS SO ORDERED.

Dated: May 1, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE